**FILED**

**MAR - 9 2010**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Surf Moore,                              )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )          Civil Action No. 10 0389
                                         )
U.S. Justice Dep't *et al.*,             )
                                         )
          Defendants.                    )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and

application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis*

application and dismiss the case because the complaint fails to meet the minimal pleading

requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*,

656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires

complaints to contain " (1) a short and plain statement of the grounds for the court's jurisdiction

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355

F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair

notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75

F.R.D. 497, 498 (D.D.C. 1977).



Plaintiff, a resident of Jackson, Mississippi, sues the Department of Justice, the States of

Mississippi and California and an individual, Charles Moore, Jr., for civil damages authorized by

18 U.S.C. § 2520, which states:

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or
> electronic communication is intercepted, disclosed, or intentionally used in violation
> of this chapter may in a civil action recover from the person or entity, other than the
> United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a).  Demanding $100 million, plaintiff alleges only that "the Defendant

intentional [sic] intruded on plaintiff seclusion and is [illegible] for relief for offensive &

objectionable, and tortious intrusion of Privacy Act 1871."  Compl. at 1.  The statute precludes

plaintiff's recovery of damages from the United States and plaintiff has not stated sufficient facts

to provide adequate notice of a claim against the remaining defendants.  A separate order of

dismissal accompanies this Memorandum Opinion.

Henry Kennedy, J.
United States District Judge

Date: February 19, 2010

2